*Stricken per Amended Order #5*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>              Plaintiff,<br><br>      v.<br><br>PENNY L. KINGSTON, *et al.*,<br><br>              Defendants. | CASE NO. 3:20-cv-05287-RBL-JRC<br><br>ORDER TO FILE HABEAS PETITION |

This District Court has referred this matter filed under 42 U.S.C. § 1983 to the undersigned. This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint. *See* Dkt. 1. For the reasons discussed herein, plaintiff must provide the Court with a § 2254 habeas petition and *in forma pauperis* ("IFP") application.

**BACKGROUND**

Plaintiff, who is currently incarcerated at the Coyote Ridge Corrections Center, requests to proceed IFP in this action that he brings under 42 U.S.C. § 1983. *See* Dkt. 1. Plaintiff seeks to bring suit against a DOC community corrections officer and a hearings officer. *See* Dkt. 1-1,

ORDER TO FILE HABEAS PETITION - 1

1  at 3. He requests damages (Dkt. 1-1, at 14) and that the Court order defendants to review the
2  length of his remaining sentence.
3        Plaintiff alleges violations of the Fourteenth Amendment's due process clause and the
4  Eighth Amendment's prohibition against cruel and unusual punishment. *See* Dkt. 1-1, at 8.
5  Although somewhat unclear, plaintiff's underlying claim appears to be that at a community
6  custody revocation hearing, DOC employees wrongfully calculated his remaining "[r]eturn
7  [t]ime [t]o prison." *See* Dkt. 1-1, at 19.

## DISCUSSION

9        A prisoner challenging the validity of the decisions underlying his confinement must
10 bring a writ for habeas corpus. *Nonnette v. Small*, 316 F.3d 872, 874 (9th Cir. 2002) (citing
11 *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). Habeas corpus is the exclusive remedy for
12 a prisoner who is challenging the fact or duration of his confinement and seeking immediate or
13 speedier release. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at
14 488–90). A prisoner cannot bring a Section 1983 action for damages until the prisoner's
15 confinement has already been invalidated through habeas corpus proceedings or some other
16 means. *Id.* (citing *Heck*, 512 U.S. at 486–87).
17       Here, plaintiff alleges that he has been unsuccessful making these arguments in state
18 court, so that he cannot proceed in a § 1983 action. Plaintiff's claims for both damages and
19 injunctive relief are foreclosed in a § 1983 action where his relief would call into question the
20 validity of his sentence. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (9th Cir. 1997). Plaintiff
21 must bring this action as a petition for habeas corpus, which is the appropriate method for a
22 prisoner to challenge the length or validity of his underlying sentence. *See Badea v. Cox*, 931

*(Stricken per Amended Order #5)*

ORDER TO FILE HABEAS PETITION - 2

1  F.3d 573, 574 (9th Cir. 1991). In such a proceeding, the remedy would be relief from the invalid
2  sentence and not damages.
3      Plaintiff should be aware that the filing fee for a habeas petition is $5, unlike the $400
4  filing fee for a § 1983 action. Moreover, the form complaint and IFP application for habeas
5  petitions differ from those in a § 1983 action.
6      If plaintiff intends to pursue the claims as alleged in this complaint, he must file a habeas
7  corpus petition on the form provided by the Court including only claims challenging the fact or
8  duration of his custody. The petition will act as a complete substitute for the complaint, and not
9  as a supplement.
10     Further, in a habeas petition, federal habeas relief is available only *after* a petitioner has
11 exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The
12 exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas
13 corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by
14 providing the highest state court with a full and fair opportunity to consider all claims before
15 presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v.*
16 *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court
17 requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504
18 U.S. 1, 8 (1992).
19     Additionally, plaintiff must name as respondent, the "person who has custody over [the
20 petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th
21 Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). This would be, for instance,
22 the superintendent of the prison where plaintiff is confined.
23 ///
24

*[Watermark across page: Stricken per Amended Order #5]*

ORDER TO FILE HABEAS PETITION - 3

**DIRECTIONS TO PLAINTIFF**

(1) If plaintiff intends to pursue the claims as alleged in this complaint, he must file a habeas corpus petition on the form provided by the Court. He must also submit the proper IFP form or pay the $5.00 filing fee.

(2) Failure to timely comply with this Order will result in a recommendation that this action be dismissed.

(3) The Clerk shall send a copy of this order to plaintiff and the Court's habeas corpus IFP application and form petition for 28 U.S.C. § 2254 petitions.

Dated this 24th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge

*Stricken per Amended Order #5*

ORDER TO FILE HABEAS PETITION - 4