UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>                Plaintiff,<br><br>   v.<br><br>PENNY L. KINGSTON, *et al.*,<br><br>                Defendants. | CASE NO. 3:20-cv-05287-RBL-JRC<br><br>AMENDED ORDER TO FILE HABEAS PETITION |

       This District Court has referred this matter filed under 42 U.S.C. § 1983 to the undersigned. This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint and the Court's Order to File Habeas Petition. *See* Dkt. 1, 4. This Order supersedes the Court's prior Order to File Habeas Petition (Dkt. 4) and requires plaintiff to provide the Court with a § 2254 habeas petition and *in forma pauperis* ("IFP") application on or before **May 28, 2020**.

**BACKGROUND**

       Plaintiff, who is currently incarcerated at the Coyote Ridge Corrections Center, requests to proceed IFP in this action that he brings under 42 U.S.C. § 1983. *See* Dkt. 1. Plaintiff seeks

1  to bring suit against a DOC community corrections officer and a hearings officer. *See* Dkt. 1-1,
2  at 3. He requests damages (Dkt. 1-1, at 14) and that the Court order defendants to review the
3  length of his remaining sentence.
4        Plaintiff alleges violations of the Fourteenth Amendment's due process clause and the
5  Eighth Amendment's prohibition against cruel and unusual punishment. *See* Dkt. 1-1, at 8.
6  Although somewhat unclear, plaintiff's underlying claim appears to be that at a community
7  custody revocation hearing, DOC employees wrongfully calculated his remaining "[r]eturn
8  [t]ime [t]o prison." *See* Dkt. 1-1, at 19.

9  **DISCUSSION**

10        A prisoner challenging the validity of the decisions underlying his confinement must
11  bring a writ for habeas corpus. *Nonnette v. Small,* 316 F.3d 872, 874 (9th Cir. 2002) (citing
12  *Preiser v. Rodriguez,* 411 U.S. 475, 488–90 (1973)). Habeas corpus is the exclusive remedy for
13  a prisoner who is challenging the fact or duration of his confinement and seeking immediate or
14  speedier release. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser*, 411 U.S. at
15  488–90). A prisoner cannot bring a Section 1983 action for damages until the prisoner's
16  confinement has already been invalidated through habeas corpus proceedings or some other
17  means. *Id.* (citing *Heck,* 512 U.S. at 486–87).
18        Here, plaintiff alleges that he has been unsuccessful making these arguments in state
19  court, so that he cannot proceed in a § 1983 action. Plaintiff's claims for both damages and
20  injunctive relief are foreclosed in a § 1983 action where his relief would call into question the
21  validity of his sentence. *See Edwards v. Balisok,* 520 U.S. 641, 646–48 (9th Cir. 1997). Plaintiff
22  must bring this action as a petition for habeas corpus, which is the appropriate method for a
23  prisoner to challenge the length or validity of his underlying sentence. *See Badea v. Cox*, 931
24

F.3d 573, 574 (9th Cir. 1991). In such a proceeding, the remedy would be relief from the invalid sentence and not damages.

Plaintiff should be aware that the filing fee for a habeas petition is $5, unlike the $400 filing fee for a § 1983 action. Moreover, the form complaint and IFP application for habeas petitions differ from those in a § 1983 action.

If plaintiff intends to pursue the claims as alleged in this complaint, he must file a habeas corpus petition on the form provided by the Court including only claims challenging the fact or duration of his custody. The petition will act as a complete substitute for the complaint, and not as a supplement.

Further, in a habeas petition, federal habeas relief is available only *after* a petitioner has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Additionally, plaintiff must name as respondent, the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). This would be, for instance, the superintendent of the prison where plaintiff is confined.

///

**DIRECTIONS TO PLAINTIFF**

(1) If plaintiff intends to pursue the claims as alleged in this complaint, he must file a habeas corpus petition on the form provided by the Court. He must also submit the proper IFP form or pay the $5.00 filing fee.

(2) Failure to comply with this Order **on or before May 28, 2020** will result in a recommendation that this action be dismissed.

(3) The Clerk shall send a copy of this order to plaintiff and the Court's habeas corpus IFP application and form petition for 28 U.S.C. § 2254 petitions.

(4) The Clerk shall strike the prior Order to File Habeas Petition (Dkt. 4), which is superseded by this Order.

Dated this 28th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge