1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  LARRY LLOYD,

11              Plaintiff,

12     v.

13  PENNY L KINGSTON et al.,

14              Defendants.

CASE NO. 3:20-cv-05287-RBL-JRC

ORDER

15      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

16  States Magistrate Judge J. Richard Creatura. Before the Court is Larry Lloyd's: (1) motion for

17  leave to proceed *in forma pauperis* (IFP) in a § 1983 complaint (Dkt. 1); (2) second motion for

18  leave to proceed IFP in a 28 U.S.C. § 2254 habeas corpus petition (Dkt. 11); and (3) a proposed

19  habeas petition filed pursuant to § 2254 ("proposed petition") (Dkt. 10). Although Mr. Lloyd

20  originally filed this cause of action as a § 1983 civil rights complaint, it appears that Mr. Lloyd

21  now seeks to recharacterize his cause of action as a habeas corpus petition pursuant to § 2254.

22  *See* Dkt. 10, 11.

23      After reviewing the second IFP motion and the proposed petition, Mr. Lloyd is advised

24  that the Court intends to withdraw his § 1983 complaint and recharacterize this action as a

1   habeas corpus petition pursuant to § 2254.  However, a review of Mr. Lloyd's proposed petition

2   reveals deficiencies, and he must file an amended petition under § 2254 alleging facts, if any,

3   showing that his ground for relief has been properly exhausted in state court, naming the proper

4   respondent and otherwise showing cause why this matter should not be dismissed on or before

5   September 10, 2020.

6                                                **DISCUSSION**

7          Mr. Lloyd, who is a Washington State prisoner currently incarcerated at the Coyote

8   Ridge Corrections Center, filed this civil rights action on March 25, 2020. Dkt. 1. In the

9   proposed complaint, Mr. Lloyd alleged violations of the Fourteenth Amendment's due process

10  clause and the Eighth Amendment's prohibition against cruel and unusual punishment. Dkt. 1-1.

11  Mr. Lloyd challenged the revocation of his community custody. *Id.*

12         On April 28, 2020, Mr. Lloyd was ordered to file a habeas petition under § 2254 on or

13  before May 28, 2020. Dkt. 5. The Court advised Mr. Lloyd that he had not stated a claim for

14  relief under § 1983. *Id.* After an extension, on July 22, 2020, Mr. Lloyd filed a proposed habeas

15  corpus petition. Dkt. 10. In the proposed petition, Mr. Lloyd states that he is challenging his

16  2014 conviction of possession of a controlled substance and assault in the second degree. Dkt.

17  10. He raises one ground for relief, contending that his due process rights were violated when his

18  community custody was revoked. Dkt. 10 at 26.

19         Based on the proposed habeas petition, it appears that Mr. Lloyd seeks to recharacterize

20  his § 1983 complaint as a habeas petition. *See* Dkt. 10. Mr. Lloyd seeks relief in the form of a

21  shorter sentence, and therefore a federal habeas petition is the proper vehicle for his requested

22  relief. The court in *Castro v. United States*, 540 U.S. 375, 382–83 (2003) held that before

23  recharacterizing a civil rights claim, a district court must "notify the *pro se* litigant that it intends

24

to recharacterize the pleading, warn the litigant that this recharacterization means that any

subsequent [habeas petition] will be subject to the restrictions on 'second or successive' motions,

and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains

all the [habeas] claims he believes he has." *Id.* at 383; *see also United States v. Seesing*, 234 F.3d

456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's *pro se* filing

as a federal § 2255 habeas petition when doing so would be to the prisoner's disadvantage). To

the extent that Mr. Lloyd seeks monetary relief in a habeas action, monetary damages are not

available. *See* 28 U.S.C. § 2254; *McCarthy v. Bronson,* 500 U.S. 136 (1991) (recognizing two

primary categories of suits brought by prisoners-applications for habeas corpus relief pursuant to

28 U.S.C. §§ 2254 and 2255 and actions for monetary or injunctive relief under 42 U.S.C. §

1983").

Therefore, pursuant to the requirements of *Castro*, Mr. Lloyd is advised that the Court

intends to recharacterize his § 1983 complaint as a § 2254 petition because the claims raised go

directly to the constitutionality of Mr. Lloyd's confinement itself. Mr. Lloyd is warned that if he

chooses to do so, his petition will be subject to dismissal if he has already brought a habeas

petition challenging his conviction or sentence unless Mr. Lloyd obtains permission to bring a

second or successive petition.

Mr. Lloyd, however, is advised that he may pursue federal habeas relief only *after* he has

exhausted his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   The

exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas

corpus. 28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by

providing the highest state court with a full and fair opportunity to consider all claims before

presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v.*

1 *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court

2 requires "full factual development" of the claims in that forum.  *Kenney v. Tamayo-Reyes*, 504

3 U.S. 1, 8 (1992).   The petition indicates that Mr. Lloyd has not satisfied the exhaustion

4 requirement by raising his claim to the state's highest court. *See* Dkt. 10 at 4-7.  Therefore, the

5 petition is subject to dismissal without prejudice.

6        Additionally, Mr. Lloyd must name as respondent, the "person who has custody over [the

7 petitioner]." 28 U.S.C. § 2242; see also § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th

8 Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  According to his petition, Mr.

9 Lloyd is currently confined at CRCC. Therefore, Mr. Lloyd must name the superintendent of his

10 facility as respondent.

11 With respect to Mr. Lloyd's two pending applications to proceed *in forma pauperis,* (Dkt. 1, 11)

12 no action will be taken until and unless the deficiencies outlined above are corrected and Mr.

13 Lloyd has been advised that the Court recharacterizes this action as a habeas corpus petition. If

14 Mr. Lloyd was allowed to proceed *in forma pauperis* in a § 1983 action based on his first

15 application (*see* Dkt. 1), he would be required to pay the $350.00 filing fee in installments from

16 his prison trust account pursuant to § 1915(b) (prisoners are required to pay an initial partial

17 filing fee followed by installment payments in cases where the prisoner is unable to pay the

18 entire filing fee at the beginning of the civil action). The filing fee for a *in forma pauperis* habeas

19 petition is $5.00. By deferring consideration of Mr. Lloyd's applications to proceed *in forma*

20 *pauperis* until he has been advised of the Court's recharacterization of this action and corrected

21 the deficiencies outlined above, Mr. Lloyd  will avoid being required to pay the full § 1983 filing

22 fee on an action that is unlikely to proceed forward in its present posture.        Based on the

23 foregoing, this Court does hereby ORDER as follows:

24

(1)     Mr. Lloyd must file by September 10, 2020 an amended petition under § 2254 alleging facts, if any, showing that his grounds for relief have been properly exhausted in state court, naming the proper respondent and otherwise showing cause why this matter should not be dismissed. The amended petition should contain *all* habeas claims he intends to raise.

(2)     Failure to timely comply with this order will result in a recommendation that this action be dismissed.

(3)     The Clerk shall send a copy of this order to Mr. Lloyd and the Court's § 2254 form petition.

(4)     The Clerk shall re-note Mr. Lloyd's two applications to proceed *in forma pauperis* (Dkt. 1, 11) for consideration on September 10, 2020.

Dated this 12th day of August, 2020.


J. Richard Creatura
United States Magistrate Judge

ORDER - 5