UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>              Plaintiff,<br><br>   v.<br><br>PENNY L. KINGSTON et al,<br><br>              Defendants. | CASE NO. 3:20-cv-05287-TSZ-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 30, 2020 |

     The District Court referred this action to United States Magistrate Judge J. Richard Creatura. Presently before the Court is Mr. Lloyd's motion for voluntary dismissal. Dkt. 15. After review of the record, the undersigned recommends that the motion (Dkt. 15) be granted and that this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**BACKGROUND**

     Mr. Lloyd, who is a Washington State prisoner currently incarcerated at the Coyote Ridge Corrections Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 25, 2020. Dkt. 1. In the proposed complaint, Mr. Lloyd alleged violations of the Fourteenth Amendment's due process clause and the Eighth Amendment's prohibition against cruel and

1  unusual punishment. Dkt. 1-1. Mr. Lloyd challenged the revocation of his community custody.
2  *Id.*

3  On April 28, 2020, Mr. Lloyd was ordered to file a habeas petition under 28 U.S.C. §
4  2254 on or before May 28, 2020. Dkt. 5. The Court advised Mr. Lloyd that he had not stated a
5  claim for relief under § 1983. *Id.* After an extension, on July 22, 2020, Mr. Lloyd filed a
6  proposed habeas corpus petition. Dkt. 10. In the proposed petition, Mr. Lloyd states that he is
7  challenging his 2014 conviction of possession of a controlled substance and assault in the second
8  degree. Dkt. 10. He raises one ground for relief, contending that his due process rights were
9  violated when his community custody was revoked. Dkt. 10 at 26.

10  On August 12, 2020, the Court advised Mr. Lloyd that it intended to recharacterize his §
11  1983 complaint as a § 2254 petition because the claims raised attacked the constitutionality of
12  his community custody. Dkt. 13. The Court also advised Mr. Lloyd that he may only pursue
13  federal habeas relief *after* he has exhausted his state judicial remedies, but the proposed petition
14  indicated that petitioner had not satisfied the exhaustion requirement by raising his claim to the
15  state's highest court. Dkt. 13 at 3-4 (citing *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);
16  *see also* Dkt. 10 at 4-7. Mr. Lloyd was ordered to file an amended petition on or before
17  September 10, 2020 alleging facts, if any, showing that his ground for relief was not properly
18  exhausted in state court. Dkt. 13 at 5. On September 11, 2020, Mr. Lloyd filed his motion for
19  voluntary dismissal, conceding that he had not exhausted his state court remedies and requesting
20  that the case be dismissed. Dkt. 15. The proposed petition has not been served.

21  **DISCUSSION**

22  Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action
23  may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without
24

prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2). Courts have held Rule 41 applies to § 2254 cases. *See Orozco v. California Dep't of Corr.*, 2017 WL 6626637, at *4 (C.D. Cal. Dec. 28, 2017) (applying Rule 41 to a § 2254 action); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases").

The Court has not directed service of the proposed petition in this case. Therefore, Mr. Lloyd requested the dismissal prior to respondent filing an answer or other responsive pleading. The Court also finds that Mr. Lloyd has not previously dismissed an action based on the same claim. Therefore, Mr. Lloyd's request for voluntary dismissal (Dkt. 15) should be granted pursuant to Rule 41(a)(1).

## CONCLUSION

For the foregoing reasons, the Court recommends Mr. Lloyd's motion for voluntary dismissal (Dkt. 15) be granted, the case be dismissed without prejudice, and all other pending motions be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

1  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

2  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

3  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

4  October 30, 2020, as noted in the caption.

5        Dated this 5th day of October, 2020.

                                                                                   J. Richard Creatura
                                                                                 United States Magistrate Judge